This is an appeal from a jury verdict in Parma Municipal Court in a landlord-tenant case.
Plaintiff-appellant Kurak is the owner-landlord (owner) of commercial property at 6190 Broadview Road, Parma, Ohio. Defendant-appellee Woolard (tenant) leased from Kurak a portion of the premises, along with certain parking spots adjacent to the building, for his auto repair shop. The lease began in December 1994. In January 1999, he was evicted for nonpayment of rent. He vacated the premises before January 31, 1999.
Owner Kurak alleged that tenant Woolard owed two months rent, at a rate of $1,050.00, for the months of December 1998 and January 1999. Tenant Woolard admitted he owed rent for the month of January, but claimed that his security deposit of $1,000.00 was by agreement to apply to December's rent. Tenant Woolard also counterclaimed, alleging that owner Kurak had converted tenant Woolard's personal property, a portion of a T-beam used for his car painting booth, and alleging that owner Kurak damaged one of his customer's autos parked in the parking area.
Tenant Woolard had stored on the property a spray paint booth for repainting autos. In 1997, he moved most of the booth to a storage facility. However, under a tarp at his shop he kept the 18-foot iron T-bar, which supports the roof of the booth. Owner Kurak admitted that one of his employees had cut off a piece of the T-bar when tenant Woolard was not there. Over owner Kurak's emphatic objection, tenant Woolard introduced a faxed copy of an invoice from a California manufacturer stating that the T-bar would cost $600.00 to replace and $150.00 to ship to Ohio.
Tenant Woolard also alleged that owner Kurak had damaged one of his customer's cars when he moved it with his tractor. The car, a 1986 Oldsmobile, had had an engine fire, destroying the engine and causing some damage to the interior. Tenant Woolard had contracted with the owner of the car to replace the engine and repair any interior damage. Because owner Kurak wanted to do surfacing work on the parking area, he needed to move the car. He chained the rear end of the car to his tractor and, with his son inside the car, towed it. However, when he reached an incline, the car rolled faster than the tractor. Owner Kurak claims the brakes did not work on the car, and they were unable to prevent it from rolling into the tractor. The car sustained damage to one of its rear panels, trunk, tail lights and trunk lock. Tenant Woolard alleged that it cost him $2,700 to repair the damage owner Kurak caused.
The case proceeded to jury trial on August 12, 1999. The jury returned a verdict of $1,100.00 to owner Kurak for rent owed to him. The jury awarded tenant Woolard $300.00 for damages to the T-bar and $1,000.00 for damages to the vehicle. This verdict was journalized on August 17, 1999. Tenant Woolard filed a motion for JNOV on August 31, 1999, and owner Kurak filed a response and motion for JNOV on September 7, 1999. The trial court denied both motions. The owner and tenant cross-appealed.
 Kurak's Appeal
For his first assignment of error, appellant owner states:
 THE TRIAL COURT ERRED BY FAILING TO GRANT THE PLAINTIFF/APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, WHERE IT WAS BASED UPON LAW.
Both parties filed motions for judgment notwithstanding the verdict. Defendant-appellee tenant Woolard timely filed a motion for JNOV on August 31, 1999. Plaintiff-appellant owner Kurak's motion, however, was not timely filed: the court's verdict was journalized on August 17, 1999, and Kurak's motion was not filed until September 7, 1999. Civ.R. 50(B) states that a motion for JNOV must be filed not later than fourteen days after entry of judgment. Thus plaintiff-appellant owner Kurak's motion for JNOV was not timely filed and will not be considered in this appeal.
Because appellant's JNOV motion was not timely filed in the trial court, his first assignment of error, which challenges the court's failure to grant that motion, is overruled.
For his second assignment of error, appellant states:
 THE TRIAL COURT ERRED BY GIVING A JURY INSTRUCTION REGARDING DAMAGES TO DEFENDANT/APPELLEE'S CUSTOMER'S AUTOMOBILE WHICH WAS AN INCORRECT STATEMENT OF LAW UNDER R.C. SECTION 4505.04.
Revised Code 4505.04 states as follows:
 (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or delivered to the person a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.
 (B) Subject to division (C) of this section [addressing leased vehicles], no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:
 (1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.21 of the Revised Code;
 (2) By admission in the pleadings or stipulation of the parties;
 (3) In an action by a secured party to enforce a security interest perfected under sections 1309.10 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest.
* * *
This statute addresses legal title to an automobile and who has standing to claim that title. Owner Kurak claims that because tenant Woolard did not have legal title to the auto, he does not have standing to sue for the damages to it. Owner Kurak's reliance on R.C. 4505.04 is misplaced.
Owner Kurak overlooks that the car was a bailment. As the bailee of the car, tenant Woolard was responsible for its safekeeping.
[A] bailment is the delivery of goods or personal property by one person to another in trust for a particular purpose. Welch v. Smith (1998), 129 Ohio App.3d 224, 229. Woolard's customer had entrusted his auto to Woolard for repair; this entrustment made the customer the bailor and Woolard the bailee. A bailee is obliged to exercise ordinary care in safeguarding the bailed property, and he must return the bailed property undamaged. Id.
When owner Kurak damaged the auto of tenant Woolard's customer, Woolard was responsible to his customer to repair the auto and return it in the same condition he received it. [O]wnership of the vehicle is not at issue as [the bailee]'s right to sue is derived from legal theories other than ownership. Despones v. Eaton (Dec. 18, 1998) Ottowa App. No. OT-98-014, unreported, 1998 LEXIS 6030, at *3. Tenant Woolard was a bailee of the auto and responsible to ensure that it was returned to its owner in good condition. [I]t is well established that in subrogation the law substitutes one person for another for purposes of pursuing a claim or right. * * * Consequently, [the bailee] was the real party in interest to pursue this suit. Id. at *4. Payment for the damages Kurak repaired as bailor, therefore, could properly be directed to him.
Appellant's second assignment of error, therefore, lacks merit and is overruled. The judgment of the trial court is affirmed. Woolard's Cross-Appeal
Although plaintiff-appellant owner Kurak did timely file his appeal on October 7, 1999, defendant-appellee tenant Woolard filed a cross-appeal out of rule on October 19, 1999.
Appellate Rule 4(A) states that [a] party shall file the notice of appeal * * * within thirty days * * * of the service of the notice of judgment * * *. App.R. 4(B)(1) states: If a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal.
However, App.R. 4(B)(2) adds, [i]n a civil case * * * if a party files a timely motion for judgment under Civ.R. 50(B) * * * the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered.
The order denying the parties' Civ.R. 50(B) motions for JNOV was journalized on September 10, 1999. Appellant owner's appeal was filed on 10-7-99, twenty-seven days after the journal entry, and thus was timely filed. According to App.R. 4(B)(1), tenant had ten days after owner filed his appeal, that is, until October 17, 1999, to file his appeal. Because defendant-appellee tenant's cross-appeal was not filed until October 19, 1999, it was not timely filed, and is hereby dismissed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J., and LEO M. SPELLACY, J., CONCUR.